UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NAKIA CHANEY,

                              Plaintiff,

   v.                                                   9:15-CV-653 (TJM/ATB)

GREGORY M. VENA, et al.,

                              Defendants.

---

NAKIA CHANEY, Plaintiff pro se
JUDITH B. AUMAND, ESQ. for defendants Vena and Bell
JONATHAN M. BERNSTEIN, for defendant Dagostino

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report-Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, plaintiff alleges that his due process rights were violated during an allegedly illegal body cavity search at his home, and subsequently while he was incarcerated at the Schenectady County Jail ("SCJ"). (Complaint ("Compl.") at 9-10, 11-14). Plaintiff seeks substantial monetary relief. (Compl. *generally*).

Presently before the court is a motion for judgment on the pleadings filed by defendants Vena and Bell only as to the search and seizure claim. (Dkt. No. 41). Plaintiff has filed a response in opposition to the motion, and defendants have filed two reply briefs. (Dkt. Nos. 45, 47, 50). For the following reasons, this court recommends

denial of the defendants' motion.

## DISCUSSION

**I.     Procedural History**

In order to clarify the remaining claims, the court will briefly discuss the procedural history of this action. Plaintiff filed his complaint and motion to proceed in forma pauperis ("IFP") on May 28, 2015. (Dkt. Nos. 1, 2). The court initially directed administrative closure of the action because plaintiff failed to properly complete his IFP application. (Dkt. No. 4). On March 2, 2016, plaintiff filed a renewed motion for IFP, and the court reopened this action. (Dkt. No. 9). On March 25, 2016, Senior Judge McAvoy issued an order, granting IFP, ordering dismissal of the action as against defendants Trachtenberg (plaintiff's criminal defense attorney) and Dematteo (the prosecutor), and ordering that the case proceed as against defendants Vena, Bell, and Dagostino. (Dkt. No. 10). Because plaintiff is proceeding IFP, the court ordered service of the complaint by the Marshal on defendants Vena, Bell, and Dagostino in accordance with 28 U.S.C. § 1915. (*Id.*)

Although plaintiff attempted to file an "amended complaint" on May 24, 2016, it was stricken from the record by Judge McAvoy by order dated May 24, 2016. (Dkt. Nos. 13, 19). On June 30, 2016, plaintiff wrote a letter to the court requesting service on defendant Bell. (Dkt. No. 22). On July 5, 2016, an answer was filed on behalf of defendants Bell and Vena, with a cross-claim against defendant Dagostino. (Dkt. No. 23). On July 13, 2016, summonses were returned unexecuted at to defendants Bell and Dagostino. (Dkt. No. 27). On July 14, 2016, an answer to the co-defendants' cross-

claim was filed by defendant Dagostino. (Dkt. No. 28). On July 15, 2016, an answer to the complaint was filed by defendant Dagostino. (Dkt. No. 29). On July 28, 2016, defendants Bell and Vena filed an answer to defendant Dagostino's cross-claim. (Dkt. No. 35).

On August 1, 2016, plaintiff filed a letter, asking for "clarification." (Dkt. No. 36). On August 30, 2016, the court issued an order, informing plaintiff that the original complaint was the operative pleading in this action, and that the only claim pending against defendant Bell arose from the search conducted in the course of plaintiff's arrest by Officers Bell and Vena. (Dkt. No. 37 at 3). The court notes that the only claim remaining against defendant Dagostino is one alleging that plaintiff's conditions of confinement were unconstitutional because he was forced to sleep on a mattress that was too thin for the several months that he was incarcerated at SCJ.

Plaintiff also filed a motion to reconsider striking his amended complaint and attempted to file another amended complaint. (Dkt. Nos. 38, 40). Judge McAvoy denied plaintiff's motion for reconsideration, and ordered the second amended complaint stricken from the docket. (Dkt. No. 46).

Defendants Bell and Vena filed their motion for judgment on the pleadings, together with a memorandum of law on September 30, 2016. (Dkt. No. 41). The court notes that mail was initially returned "undeliverable" when plaintiff was served with the motion. (Dkt. No. 44). Then defendants filed another memorandum of law, labeled "Reply," even though plaintiff had not yet responded to the motion. (Dkt. No. 45). Plaintiff filed a "response" to defendants' motion on November 16, 2016. (Dkt. No.

47). On November 21, 2016, plaintiff updated his address, and filed a renewed motion for appointment of counsel and to amend. (Dkt. No. 49). On November 28, 2014, defendants filed "a further reply" memorandum of law. (Dkt. No. 50). On December 5, 2016, I issued a Text Order, stating that no further amended pleadings or motions to amend would be accepted until the motion to dismiss was addressed by the court.

## II.     Relevant Facts

The complaint states that in September of 2014,[1] defendants Vena and Bell conducted a search of plaintiff's home, pursuant to a search warrant. (Compl. at CM/ECF p.9). During that search, plaintiff claims that these defendants conducted an unauthorized and inappropriate body cavity search. Plaintiff also claims that defendant Dagostino was responsible for unconstitutional conditions at the SCJ, in that plaintiff was forced to sleep on a mattress that was not "suitable" and that caused "extreme back pain" and loss of circulation in plaintiff's legs. (Compl. at CM/ECF p. 12). Plaintiff states that he was incarcerated at the SCJ for several months, living with this "unconstitutional" condition.

## III.    Judgment on the Pleadings

After the pleadings are closed, a motion to dismiss for failure to state a claim is properly brought as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983) (citations omitted). *See* Fed. R. Civ. P. 12(b), 12(c) and 12(h)(2). The motion for judgment on the pleadings is

---

[1] In plaintiff's response to the motion to dismiss, he states that the "cavity search" took place on March 7, 2014. (Dkt. No. 47 ¶ 5).

then treated according to the same standard as a motion to dismiss under Rule 12(b)(6). *Id.*

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court

may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment). Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing *inter alia County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002) (taking judicial notice of NLRB decisions)). *See also Combier Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007) (taking judicial notice of the Impartial Hearing Officer's decision as well as certain other documents in the administrative record of an IDEA case); *In re Howard's Exp., Inc.*, 151 F. App'x 46, 48 (2d Cir. 2005) (taking judicial notice of Bankruptcy Court docket); *Caro v. Fidelity Brokerage Services, LLC*, No. 3:12-CV-1066, 2013 WL 3299708, at *6 (D. Conn. July 26, 2013) (taking judicial notice of record in prior litigation between the same parties); *Farid v. Bouey*, 554 F. Supp. 2d 301, 313-14 (N.D.N.Y. 2008) (taking judicial notice of documents relating to plaintiff's prior Article 78 proceeding in state court).

In recommending denial of the defendants' motion, the court will address each of defendants' arguments below. The court notes that defendants have submitted three memoranda of law, and although the second two memoranda are labeled "reply" and "further reply," the second memorandum was filed before plaintiff's response and could not have been a "reply." In addition each memorandum repeats the arguments in the prior memorandum with new arguments in support of dismissal. The court will attempt to review the relevant arguments.

6

**IV.   Lack of Personal Jurisdiction**

    **A.   Legal Standards**

The defense of lack of personal jurisdiction may be asserted by a motion pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2). However, Fed. R. Civ. P. 12(b)(4) governs the defense of "insufficient process," and Fed. R. Civ. P. 12(b)(5) governs the defense of "insufficient service of process." *See Tolliver v. Lilley*, No. 12-CV-971, 2014 WL 10447163, at *6 (S.D.N.Y. Oct. 24, 2014) (Rep't-Rec.) (discussing Federal Rules regarding lack of "personal jurisdiction"), *adopted by*, 2015 WL 5660440 at *2-3 (S.D.N.Y. Sept. 25, 2015). An objection under Rule 12(b)(4) governs the "form" of process, rather than the manner or method of service. *Id.* (quoting 5B Wright & Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)). A Rule 12(b)(5) motion is the proper vehicle to challenge the mode of delivery or the lack of delivery of the summons and complaint. *Id.* Objections pursuant to Fed. R. Civ. P. 12(b)(2) concern lack of personal jurisdiction, resulting from the failure to serve a defendant pursuant to Rule 12(b)(5). *Id.* (citing *Anzulewiwicz v. Nat'l Fuel Gas Supply Corp.*, 208 F.R.D. 47, 49 n.5 (W.D.N.Y. 2002)).

    **B.   Application**

In this case, each of defendants' three memoranda of law urge the court to dismiss this action against defendant Bell because he has never been served with the complaint. (Dkt. No. 41-1 at p.6, 45 at p.9, 50 at p.7). Because the plaintiff is pro se and has been granted IFP status, it is the United States Marshal's responsibility to serve the defendants pursuant to 28 U.S.C. § 1915. *See Mahon v. Namani*, No. 15-CV-2032,

2016 WL 6820739, at *3 (S.D.N.Y. Nov. 10, 2016) (pro se inmate is entitled to rely on service by the Marshal and IFP status shifts the responsibility for serving the complaint from plaintiff to the court) (citing *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986)).

In this case, on May 11, 2016, the Clerk issued summonses for defendant Bell, Dagostino, and Vena. (Dkt. No. 11). On June 3, 2016, defendant Vena filed his acknowledgment of service. (Dkt. No. 15). On July 3, 2016, summons was returned "unexecuted" by both defendants Bell and Dagostino. (Dkt. No. 27). The court notes that when a summons is returned "unexecuted," the plaintiff is directed to notify the Marshal in writing and submit a "new" U.S. Marshal Form 285, together with the summons and complaint so that the Marshal may re-attempt service. (Dkt. No. 27). Plaintiff did not write to the Marshal in this case. However, the court notes that on June 30, 2016, plaintiff filed a letter with the court regarding service on defendant Bell. (Dkt. No. 22). Plaintiff was apparently already aware that, for some reason, service had not been completed on this defendant. (*Id.*) In the letter, plaintiff stated "defendant Bell must be served and instructed to answer . . . ." (*Id.*)

The court understands that plaintiff wrote to the Clerk instead of to the Marshal as instructed in Dkt. No. 27. However, it is unclear whether plaintiff had Dkt. No. 27 at the time he wrote his letter to the court, and there is no indication why defendant Bell was not served. But it does appear that plaintiff was making an attempt to have defendant Bell served by writing to the court. Although it appears that defendant Bell may no longer worked for the Niskayuna Police Department, no notice of this was filed

8

with the court.[2] In addition, it appears that the Court did not respond to plaintiff's inquiry about service on the defendant.

Generally, when a defendant has not been served, the court may ask defense counsel to attempt to identify or locate the individual for service. *See e.g. Gonzalez v. New York City*, No. 16-CV-254, 2016 WL 7188147, at *9 (S.D.N.Y. Dec. 2, 2016) (issuing an order, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), to "produce the name and contact information of the NYDOC officer involved in Plaintiff's detention pursuant to the allegedly vacated warrant). In this case, plaintiff knows the name of the defendant, and it is unclear why the defendant was not served. In addition, it is clear that allowing service at this time will not prejudice the defendant because clearly, he will be represented by the same counsel as defendant Vena.

The Second Circuit has held that as long as the prisoner provides the information necessary to identify the defendant, the Marshal's failure to effect service automatically constitutes good cause for an extension of time within the meaning of Fed. R. Civ. P. 4(m). The pro se prisoner is only required to provide the information necessary to identify the defendant. *Murray v. Pataki*, 378 F. App'x 50 (2d Cir. 2010). "[I]t is 'unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." *Id.*

---

[2] It appears that defendant Bell may have been promoted to Executive Director of the Clifton Park & Halfmoon Emergency Corps. on April 19, 2016. https://www.cphmems.org/news/alan-bell-promoted-executive-director. Generally, when the Marshal attempts service, but the individual no longer works for the entity at which he or she was served, there is a notice filed to that effect. No such notice has been filed with the court, and if the defendant has been promoted, or has a new position, defense counsel is likely to be aware of the address at which he may be served.

(citation omitted). The same would be true of a police officer who is no longer employed by the department for which he or she worked at the time of the incident. Although plaintiff is no longer incarcerated, he was incarcerated at the time he initially sought service on the defendants. He is still pro se, and would not be expected to be able to locate an individual who no longer works for the police department. Thus, this court finds that there is good cause for an extension of the time to serve defendant Bell and will recommend denying defendants' motion to dismiss based on lack of service. If the court adopts this recommendation, defendants should be ordered to provide the address at which defendant Bell may be served or be prepared to accept service on his behalf.

## V.     Fed. R. Civ. P. 8

### A.     Legal Standards

Rule 8 provides that a pleading that sets forth a claim for relief shall contain a "short and pain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give the defendant fair notice of the claim that plaintiff is asserting so as to permit the adverse party the opportunity to file a responsive answer or prepare an adequate defense, and to determine whether res judicata is applicable. *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 497, 498 (D.D.C. 1977)). Pro se complaints are held to less stringent standards that pleadings prepared by counsel, and they must be read liberally to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v.*

*Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). A court may dismiss a complaint that is so "confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

### B.     Application

Defendant Vena also argues that the court should dismiss plaintiff's complaint because it fails to comply with Rule 8. The court must first point out that Judge McAvoy's initial order reviewed the complaint under Rule 8 and allowed the currently-pending issues to proceed, finding that they survived review under Rule 8 and 28 U.S.C. § 1915A. The two remaining issues are quite clear and not vague at all. There is only one issue remaining against defendants Vena and Bell. Plaintiff claims that these two defendants conducted an improper body cavity search on the day that plaintiff was arrested. There is nothing vague about that claim. Although there seems to be some confusion regarding the exact date, this information should not be difficult to obtain through discovery. If the purpose of Rule 8 is to give notice to the defendants so that they can present a defense, this court finds that the complaint, as it stands now, complies with this requirement. Thus, the court will not recommend dismissing the action based on a failure to comply with Rule 8.

## VI.    Qualified Immunity

### A.     Legal Standards

Qualified immunity protects government officials performing discretionary functions in the course of their employment where "their conduct does not violate

11

clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A government actor is entitled to qualified immunity "if either (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2d Cir. 2001) (internal quotation marks omitted). When determining a motion to dismissed based on qualified immunity grounds, the plaintiff's version of the facts is assumed to be true, "'without regard to an objection defendant may have to the truth of plaintiff's version of the events.'" *Harris v. City of New York*, No. 15-CV-8456, 2016 WL 7188153, at *4 (S.D.N.Y. Dec. 2, 2016) (citing *Stephenson v. John Doe*, 332 F.3d 68 (2d Cir. 2003); *Quezada v. Roy*, No. 14-CV-4056, 2015 WL 5970355, at *10 (S.D.N.Y. Oct. 13, 2015)).

**B.    Application**

Defendants argue based upon *Gonzalez v. City of Schenectady*, 728 F.3d 149 (2d Cir. 2013), that they are entitled to qualified immunity, first because they were acting pursuant to a search warrant, and second, because a "reasonable officer" would not have understood that conducting an "otherwise suspicionless visual body cavity search of a person arrested for a felony drug offense was unlawful . . . ." (Def.s' Br. at 10-12) (quoting *Gonzalez*, 728 F.2d at 161-62).

The court would first point out that *Gonzalez* was decided on a motion for summary judgment, not a motion to dismiss. *Gonzalez* involved an individual who had already been arrested for a felony drug crime, and the search occurred at the police

12

station. *Gonzalez*, 728 F.3d at 153.  The court's discussion in *Gonzalez* began with a determination of whether the officers had probable cause to arrest Gonzalez in the first instance. *Id.*  After finding that the officers lacked probable cause, the *Gonzalez* court then determined that the officers had "arguable" probable cause, and that the officers had qualified immunity. *Id.* at 157.  The court then considered whether the search "at the station" violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. *Id.* at 158.  The court stated that the law governing strip searches and body cavity searches was "far from settled," and that the rules altered with the circumstances, and also depended upon whether the arrest was for a felony or a misdemeanor, and whether the suspect was placed in the general prison population. *Id.*

The officers in *Gonzalez* did not dispute that the search violated the plaintiff's right to be free from unreasonable searches. *Id.* at 160.  The court stated that at the time of the search, the court had never held that a suspicionless strip or visual body cavity search of a person arrested for *felony* drug possession violated the Fourth Amendment. *Id.*  It was clearly established in 1995 that persons charged with misdemeanors had the right to be free from a strip search absent reasonable suspicion that they were carrying contraband or weapons, but it was not so for felony arrests. *Id.* at 159.

In this case, plaintiff alleges that the officers had a search warrant.[3]  However,

---

[3] The court notes that defendants' November 28, 2016 memorandum of law contains an argument relative to plaintiff's "illegal tracking" claim. (Dkt. No. 50 at 12).  This court notes that Senior Judge McAvoy's August 30, 2016 "clarification" order states that the "only claim pending against Officer Bell arises from the search conducted in the course of his arrest by Officers Bell and Vena." (Dkt. No. 37 at 3).  The court specifically rejected plaintiff's attempt at "repleading" plaintiff's "unlawful tracking claim." (*Id.*)  Thus, this court has not addressed the GPS issue.

13

there is no indication when the body cavity search took place, and although plaintiff states that he was ultimately arrested for some "suboxone" and syringes that were found in a co-defendant's jewelry box,[4] there is no indication of the charges for which plaintiff was arrested after the search warrant was executed. Even if the officers had a valid search warrant, there is the possibility that the search was conducted in an unreasonable manner.[5] There is also no indication what was authorized in the search warrant or what the officers "reasonably" would have understood, based on the facts. Defendants' argument that plaintiff was incarcerated and ultimately convicted of a drug-related felony conviction, and so therefore they are entitled to qualified immunity based upon *Gonzalez* is an assumption that the court will not make on a motion to dismiss.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the motion for judgment on the pleadings, filed on behalf of defendants Vena and Bell (Dkt. No. 41) be **DENIED**, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation, that plaintiff be given another thirty (30) days to serve defendant Bell, and that defense counsel be directed to either provide defendant Bell's current or last-known address so that the Marshal may serve the defendant or be prepared to accept service on his behalf.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

---

[4] There is no indication that any drugs were found on plaintiff's person during the body cavity search.

[5] The court makes no such finding, but cannot make the opposite determination on a motion for judgment on the pleadings.

fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 27, 2016

                                                Hon. Andrew T. Baxter
                                                U.S. Magistrate Judge